## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Jeremias and Xiomara** 
**Del Villar,**                      :          Chapter 13

                                     :

             **Debtors.**     :          Case No.   16-14184 (PMM)

## **ORDER**

This 14th day of May, 2020, upon consideration of the Debtors' Motion to Sell Real Estate Free and Clear of All Liens and Encumbrances (the "Motion," doc. no. 122):

And a hearing on the Motion having been held on May 14, 2020;

AND the Debtors' chapter 13 Plan providing that "property of the estate shall revest" in the Debtors upon confirmation. See Third Amended Chapter 13 Plan, doc. no. 38 at 2;

AND the Plan having been confirmed on June 8, 2017. Doc. no. 45;

AND, in general, a bankruptcy court lacks jurisdiction over a post-confirmation transaction or dispute which does not affect the plan of reorganization. E.g. In re Thopre, 597 B.R. 253 (Bankr. E.D. Pa. 2019);

AND, in this case, the sale transaction detailed in the Motion having taken place post-confirmation. The Debtors do not argue or present evidence that the sale of the property affects their Plan;

AND, upon consideration of the foregoing, it is, therefore, hereby **ordered** that the Motion is **denied** because the Court lacks jurisdiction over this matter.[1]

*Patricia M. Mayer*
_____

HONORABLE PATRICIA M. MAYER
United States Bankruptcy Judge

---

[1] Alternatively, the Motion will be denied because it seeks to rewrite the record by the implementation of a *nunc pro tunc* order granting the sale of property that was completed nearly two months ago. See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 140 S. Ct. 696, 701 (2020).